## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIFFANY LAGENIA NOELS, ON HER OWN BEHALF, AND AS GENERAL GUARDIAN OF MINOR CHILD, J.B., | CIVIL ACTION |
| Plaintiffs, | Case No. 8:17-cv-03218-GJH |
| v. | |
| OCWEN LOAN SERVICING, LLP, ET AL. | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS OCWEN LOAN SERVICING, LLP AND DEUTSCHE BANK NATIONAL TRUST TO REMAND FORECLOSURE ACTION

Defendants Ocwen Loan Servicing, LLP, as servicer for Deutsche Bank National Trust ("Ocwen") submits this Memorandum of Law in support of its motion to remand to the Circuit Court for Prince George's County a foreclosure action captioned *Brock & Scott, PLLC as substitute trustees v. Tiffany L. Noels, CAEF16-04126* ("Foreclosure Action").

### I. INTRODUCTION

Plaintiff Tiffany L. Noels ("Plaintiff") filed a Complaint against Ocwen (her mortgage loan servicer) as well as Ocwen's foreclosure counsel, Brock & Scott, PLLC, including various claims for relief all stemming from an August 2012 loan modification agreement. Specifically, Plaintiff claims that Defendants violated the federal consumer protections codified in 15 U.S.C. §1639c, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(2) and (10), and breached the August 2012 loan modification agreement. All allegations seemingly stem from inaccuracies imbedded in the 2012 modification which included an inaccurate principal loan

balance, a negative amortization schedule, and an improper balloon payment due on the loan's maturity date.

In conjunction with the Federal Court Complaint, Plaintiff filed a Notice of Removal, essentially removing Ocwen's state Court Foreclosure Action that was initiated in February 2016 to this court and attempting to join it with her affirmative claims against Ocwen and foreclosure counsel. Plaintiff's Notice of Removal is improper as this Court lacks jurisdiction to adjudicate the Foreclosure Action. In addition, the Notice of Removal is untimely as it was filed over a year after Plaintiff was served with the complaint in the Foreclosure Action. Therefore, the Court should remand the Foreclosure Action back to the Circuit Court for Prince George's County, Maryland.

## II. FACTUAL BACKGROUND

On June 14, 2006, Tiffany and Darrly Noels obtained a loan in the amount of $278,800.00 from Novastar Mortgage, Inc., which was secured by a Deed of Trust given to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Novastar. (A copy of the Adjustable Rate Note and Deed of Trust are collectively attached as Exhibit A). On April 2, 2012, the servicing of Plaintiff's loan was transferred from Saxon Mortgage Services, Inc. to Ocwen Loan Servicing, LLC ("Ocwen"). Thereafter, on October 20, 2015, MERS as nominee for Novastar assigned the Deed of Trust to Deutsche Bank National Trust Company, as Trustee for Novastar Mortgage Funding Trust, Series 2006-4 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-4 ("Deutsche Bank"). (A copy of the Assignment of Mortgage is attached as Exhibit B).

Shortly after the servicing of Plaintiff's loan was transferred to Ocwen, Plaintiff entered into a Home Affordable Modification Agreement on August 4, 2012. (A true and correct copy of

2

the 2012 Modification Agreement is attached hereto as Exhibit C)[1] ("Loan Modification"). The Loan Modification provided Plaintiff with an interest rate of just 2% and a deferred non-interest bearing principal in the amount of $140,563.34. *See* Exhibit "C" pg. 2 of 8. In addition, $117,863.34 of the deferred principal balance was eligible for complete forgiveness if Plaintiff maintained timely payments for three consecutive years at the onset of the Loan Mod payment schedule. It is this agreement that forms the basis for Plaintiff's claims for relief.

Thereafter, Plaintiff defaulted on the Loan Modification agreement and, as a result, Ocwen through Substitute Trustees, Brock & Scott, PLLC, began a foreclosure by filing an Order to Docket in the Circuit Court for Prince George's County on February 10, 2016. (A copy of the Foreclosure Docket is attached hereto as Exhibit "D"). Plaintiff contested the foreclosure by filing a Motion to Strike on May 18, 2016 and then a Motion to Dismiss on July 12, 2016. *See* Exhibit "D". Both motions were denied by the Circuit Court and the matter was set to proceed. *See* Exhibit "D". After the attempts to stave off the foreclosure failed in State Court, Plaintiff sought protections in the United States Bankruptcy Court by filing a Chapter 7 petition on November 29, 2016.[2] (A true and correct copy of the Bankruptcy Docket is attached hereto as Exhibit E).

Ocwen, through counsel obtained relief from the automatic bankruptcy stay, over Debtor's objection and opposition, on August 27, 2017. *See* Exhibit "E". Debtor then sough reconsideration of the Court's Order granting relief from the automatic stay which was denied on October 19, 2017. *See* Exhibit "E".

---

[1] Plaintiff attached the 2012 Loan Modification Agreement as an Exhibit to their Complaint, and therefore it is part of the record and can be considered and relied upon on preliminary motions.

[2] Plaintiff, Tiffany Noels subsequently converted the bankruptcy to a Chapter 13 on March 29, 2017.

Having exhausted her challenges in both the underlying State Court foreclosure and the United States Bankruptcy Court for the District of Maryland, Plaintiff filed a Notice of Removal on November 1, 2017 attempting to remove the entire State Court foreclosure to this Honorable Court. *See* ECF Dkt. 2. In conjunction with the removal, Plaintiff filed a Civil Complaint against Ocwen and foreclosure counsel seeking damages. For the reasons set forth in Ocwen's Motion to Dismiss the Complaint which is being filed forthwith, this Honorable Court should dismiss Plaintiff's Complaint. However, regardless of the Court's decision on dismissal, the State Court Foreclosure proceeding should be remanded as it is both untimely, and the Court lacks Jurisdiction to preside over this dispute.

For the reasons set forth below, the Court should remand the Foreclosure Action back to the Circuit Court for Prince George's County.

### III. ARGUMENT

#### A. Legal Standard.

Remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases may be remanded: (1) within thirty days of the filing of the notice of removal, if removal was procedurally defective; or (2) at any time before final judgment, if the district court determines that it lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c). Where a plaintiff seeks remand on the basis of a procedural defect in removal, and the case is otherwise removable under § 1441(a), the plaintiff must identify a provision that prohibits removal. *Almutairi v. Johns Hopkins Health Sys. Corp., No. CV ELH-15-2864, 2016 WL 97835, at \*2 (D. Md. Jan. 8, 2016).*

## B. The Foreclosure Action Should Be Remanded Back to State Court.

### 1. This Court Lacks Federal and Diversity Jurisdiction Over the Foreclosure Action.

In her Notice of Removal, Plaintiff asserts removal is proper because the Court has federal jurisdiction. Plaintiff is mistaken. Rather, this Court lacks federal question jurisdiction because the complaint in the Foreclosure Action ("Foreclosure Complaint") does not present a question of federal law. Pursuant to § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). While counterclaims and defenses may invoke questions of federal law, they are disregarded for purposes of federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Here, the Foreclosure Complaint relies exclusively upon state law in asserting a cause of action to foreclose a Deed of Trust, and therefore, provides no basis for federal jurisdiction. *See Wittstadt v. Reyes, 113 F. Supp. 3d 804, 805 (D. Md. 2015)* (granting motion to remand state law foreclosure complaint).

To the extent Plaintiff relies on federal causes of action asserted in her separate affirmative Complaint as the basis for federal question jurisdiction, those arguments are misplaced. First, the Complaint is a pleading entirely separate and apart from the underlying foreclosure. In the Complaint, the only relief sought by Plaintiff is monetary damages. While the claims for relief set forth in the Complaint should have been raised as defenses to the foreclosure (*See* Ocwen's Motion to Dismiss being submitted forthwith), they were not. Accordingly, the

Complaint and the Foreclosure Matter are entirely separate causes of action which Plaintiff is attempting to merge in an effort to stave off the foreclosure. Therefore, the sole consideration for removal purposes is the underlying State Court foreclosure which carries no federal causes of action.

Regardless, even if the Complaint were treated as a counterclaim to the underlying foreclosure, the federal claims set forth in the Complaint would be considered for removal purposes. *See Vaden*, 556 U.S. 49, 60. Because the face of the Foreclosure Complaint does not identify a federal question, this Court lacks federal question jurisdiction, irrespective of any purported federal counterclaim asserted by Plaintiff in the Complaint, and the Foreclosure Action should be remanded.

Although not asserted in the Notice of Removal, the Court also lacks diversity jurisdiction because Plaintiff resides in the state where the Foreclosure Action was commenced. For diversity jurisdiction to exist under § 1332, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Importantly, 28 U.S.C. § 1441(b)(2), commonly referred to as the "forum defendant" or "home state" rule, provides "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, an action shall be removable only if none of the ***defendants*** properly joined and served are citizens of the State in which such action is brought. *See Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 643 (D. Md. 2015)(***emphasis added***). As Plaintiff is a defendant in the Foreclosure Matter and a citizen of the state of Maryland, this Court lacks

diversity jurisdiction under the forum-defendant rule, and the Court should remand the Foreclosure Action to the Circuit Court for Prince George's County.

### 2. Plaintiff's Notice of Removal is Untimely.

Noels' Notice of Removal is also untimely under 28 U.S.C. 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C.A. § 1446(b)(1). One of the purposes of removal time limits is "prevent[ing] the delay and waste of resources involved in starting a case over in a second court after significant proceedings ... may have taken place in the first court." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 211 (3d Cir. 2014).

Here, it is clear that Plaintiff's Notice of Removal was untimely under § 1446(b)(1), as it was not filed within thirty days of Plaintiff's receipt of the Foreclosure Complaint. *See* 28 U.S.C. § 1446(b)(1). Specifically, the Foreclosure Action was commenced on February 10, 2016, and Plaintiff was served on February 17, 2016. *See* Exhibit "D". In fact, Plaintiff contested the foreclosure by filing a Motion to Strike on May 18, 2016 and then a Motion to Dismiss on July 12, 2016. *See Id.* However, Plaintiff failed to file her Notice of Removal until November 1, 2017, over a year and a half after the Circuit Court denied Plaintiff's Motion to Dismiss, which far exceeds the applicable thirty day limitation for removal set forth in 1446(b)(1). Accordingly, Plaintiff's removal was untimely under § 1446(b)(1).

### 3. Remand Is Warranted As A Result Of Plaintiff's Failure To Obtain The Consent Of Her Co-Defendant In The Foreclosure Action.

Section 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In other words, in a multi-defendant case, § 1446(b)(2)(A) requires the removing defendant to demonstrate that all other defendants in the state court action join in, or consent to, the removal. *See Egle Nursing Home, Inc. v. Erie Ins. Grp.*, 981 F. Supp. 932, 933 (D. Md. 1997) ("The consent of all defendants is required to remove an action to federal court"). Removal generally requires unanimity among the defendants. *See Id.* Failure of all defendants to join is a "defect in removal procedure" within the meaning of § 1447(c). *Id.*

Remand is also warranted under the rule of unanimity, because Plaintiff failed to obtain the consent of Darrly Noels, her co-defendant in the Foreclosure Action, to remove this case. To that end, Plaintiff's Notice of Removal is devoid of any representation that her co-defendant consented to the removal of this matter, or that Plaintiff even sought to obtain such consent. Therefore, because Plaintiff failed to obtain the consent of her co-defendant to remove this matter, remand is warranted.

*[Intentionally left blank]*

## IV. CONCLUSION

For the reasons set forth within, Plaintiff's Notice of Removal of the Foreclosure Action to this Court is improper. Therefore, the Court should remand the Foreclosure Action back to the Circuit Court for Prince George's County, Maryland.

Respectfully submitted,

_____

Thomas F. Lucchesi
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Ave., N.W., Suite 500
Washington D.C. 20036
(202) 822-9611
(202) 822-0140 (fax)
tlucchesi@stradley.com

*Counsel for Defendant,*
*Ocwen Loan Servicing, LLC*

# 3389317