# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

**TIFFANY LAGENIA NOELS,**

    **Plaintiff,**

v.                                                              Case No.: GJH-17-3218

**OCWEN LOAN SERVICING, LLP,** *ET AL.*,

    **Defendants.**

## MEMORANDUM OPINION

Plaintiff Tiffany Lagenia Noels[1] has sued Defendants Ocwen Loan Servicing, LLP, ("Ocwen"), Deutsche Bank National Trust ("Deutsche Bank"), Brock & Scott, PLLC, and Shapiro & Brown, LLP. In her initial Complaint and Amended Complaint, Plaintiff alleges that Defendants committed violations of state and federal law in their handling of Plaintiff's mortgage loan modification. *See* ECF No. 1, ECF No. 16. Now pending before the Court is Ocwen and Deutsche Bank's Motion to Dismiss Plaintiff's initial Complaint, ECF No. 12, and their Motion to Strike Plaintiff's Amended Complaint, ECF No. 19.[2] No hearing is necessary.[3] See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Ocwen and Deutsche Bank's Motion to Strike Plaintiff's Amended Complaint, ECF No. 19, and their Motion to Dismiss Plaintiff's initial Complaint, ECF No. 12, are granted.

---

[1] For the filing of her Complaints and all briefing, Plaintiff was represented by counsel. After all pending motions had been fully briefed, Plaintiff's counsel withdrew as her attorney, and Plaintiff is now self-represented. ECF No. 38.

[2] Also pending before the Court is a Motion to Remand, ECF No. 11, Motions to Dismiss filed by Brock & Scott and Shapiro & Brown, ECF No. 20, ECF No. 21, and Plaintiff's Motion to Set a Hearing Date and for Parties to Brief Requested Issues, ECF No. 37.

[3] Finding no hearing to be necessary, the Court denies Plaintiff's Motion to Set a Hearing Date, ECF No. 37.

## I. BACKGROUND[4]

On June 14, 2006, Plaintiff Tiffany Lagenia Noels executed a note in the amount of $278,800 and Deed of Trust to Nova Star Mortgage, Incorporated ("Nova Star") against the real property known as 1214 Iron Forge Road, District Heights, Maryland 20747. ECF No. 1 ¶¶ 8–9. Mortgage Electronic Registration Systems, Inc., as nominee for Nova Star, executed an Assignment transferring the Deed of Trust to Deutsche Bank, which was then transferred to Ocwen. On August 4, 2012, Plaintiff entered into a Home Affordable Modification Agreement ("Loan Modification"), which provided her with an interest rate of 2% and a deferred non-interest bearing principal of $140,563.34. Plaintiff subsequently defaulted on the Loan Modification and Ocwen, through substitute trustees Brock & Scott, PLLC, began a foreclosure proceeding in the Circuit Court for Prince George's County on February 10, 2016. After the Circuit Court denied Defendants' Motion to Dismiss the Foreclosure Action on July 25, 2016, Plaintiff filed a Petition for Bankruptcy in the U.S. Bankruptcy Court for the District of Maryland, Case No. 16-25654-WIL, which temporarily stayed the Foreclosure Action.[5]

On November 1, 2017, Defendant filed this action alleging violations of the Truth in Lending Act ("TILA") (Count I), the Fair Debt Collection Practices Act ("FDCPA") (Count II), and Breach of Contract (Count III). ECF No. 1. On the same day, Defendants attempted to remove the Foreclosure Action. ECF No. 2. The Clerk informed Defendants that the notice of removal was filed in error and that "[i]f your intention is to remove a case, the Notice of Removal must be filed in paper form with the Clerk's Office and a new civil case will be instituted." ECF No. 9. Plaintiff subsequently filed a proper Notice of Removal, and the

---

[4] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.
[5] On January 19, 2018, the Bankruptcy Court dismissed the case and lifted the automatic stay. No. 16-25654-WIL, (Bankr. D. Md.) (ECF No. 113).

Foreclosure Action was removed to this Court. *See Yacko et al. v. Noels et al.*, No. GJH-17-3604.

On December 1, 2017, Ocwen and Deutsche Bank filed a Motion to Dismiss Plaintiff's Complaint with Prejudice, arguing that Plaintiff's claims were time-barred and failed on their merits.[6] ECF No. 12. On December 19, 2017, Plaintiff filed a Motion to Extend Time to File Responses to Defendants' Motions seeking an additional ten days to respond, ECF No. 13, which the Court granted, ECF No. 14. Rather than respond to Ocwen's motions, however, on January 16, 2018, Plaintiff filed an Amended Complaint. ECF No. 16. In her Amended Complaint, Plaintiff asserts claims of: Breach of Contract against Ocwen (Count I), *id.* at 30;[7] Violation of the Maryland Mortgage Fraud Protection Act ("MMFPA") against all Defendants (Count II), *id.* at 35; Violation of Maryland's Consumer Protection Act ("MCPA") and Consumer Debt Collection Act ("MCDCA") against all Defendants (Count III), *id.* at 39; Violation of the Fair Debt Collections Practices Act ("FDCPA") against Defendants Brock & Scott and Shapiro & Brown (Count IV), *id.* at 43; Respondeat Superior against all Defendants (Count V), *id.* at 48; Unclean Hands against all Defendants (Count VI), *id.* at 49; Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all Defendants (Count VII), *id.* at 51; and, Declaratory and Injunctive Relief (Count VIII), *id.* at 65. Plaintiff did not seek leave of the Court or consent of Defendants to file her Amended Complaint. On February 6, 2018, Ocwen filed a Motion to Strike the Amended Complaint or, in the Alternative, to Dismiss. ECF No. 19.[8]

---

[6] On November 30, 2017, Ocwen and Deutsche Bank filed a Motion to Remand the Foreclosure Action. ECF No. 11. The Court notes that this motion would have been properly filed in the *Yacko* case. Regardless, the Court is contemporaneously issuing an Order in *Yacko* remanding the Foreclosure Action. Thus, ECF No. 11 is denied as moot.

[7] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[8] Defendants Brock & Scott LLP and Shapiro & Brown LLP also filed Motions to Dismiss. ECF No. 20, ECF No. 21. As discussed below, as the Court will grant Ocwen's Motion to Strike the Amended Complaint; ECF No. 20 and ECF No. 21 are therefore denied as moot.

Ocwen argues that Plaintiff's Amended Complaint was filed improperly pursuant to Federal Rule of Civil Procedure 15, as it was filed more than twenty-one days after Ocwen filed its Motion to Dismiss Plaintiff's initial Complaint. ECF No. 19-1 at 11.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations

4

devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. DISCUSSION

Before assessing any of the pending Motions to Dismiss, the Court will first decide whether Plaintiff properly filed her Amended Complaint.

### A. Motion to Strike Plaintiff's Amended Complaint

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading as a matter of course within:

(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff asserts that she complied with Federal Rule of Civil Procedure 15 because: (1) Ocwen was not served the Complaint, meaning that Fed. R. Civ. P. 15(a)(1)(A) was not triggered; (2) Ocwen did not file a responsive pleading to Plaintiff's Complaint, meaning that the first part of 15(a)(1)(B) was not triggered; and (3) "[n]owhere in Ocwen's Motion to Dismiss to the original Complaint does it invoke Fed. R. Civ. P. Rule 12 as grounds for its Motion to Dismiss." ECF No. 30 at 7. Ocwen "acknowledges that Plaintiff's Original Complaint was never served," but argues that Plaintiff had 21 days following the filing of Ocwen's Motion to Dismiss to amend her Complaint. ECF No. 31 at 4. Ocwen argues that their Motion to Dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b) on December 1, 2017, and that Plaintiff had until December 22, 2017, to amend her Complaint. ECF No. 31 at 4.

The Court notes that the header of Ocwen's Motion to Dismiss was erroneously labeled a "Motion to Remand Foreclosure Action." ECF No. 12. This was apparently a carry-over from the Motion to Remand that Ocwen had filed the day before. ECF No. 11. However, it is

exceedingly clear on the face of Ocwen's Motion that it is a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b). Ocwen's Motion is listed on the docket as a "Motion to Dismiss for Failure to State a Claim." Furthermore, the text of the Motion states that Ocwen "hereby moves to dismiss Plaintiff's Complaint for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6)." ECF No. 12. Finally, the accompanying Memorandum of Law is labeled as one in support of Ocwen's "Motion . . . To Dismiss Plaintiffs' Complaint With Prejudice." ECF No. 12-2. Thus it is incontrovertible that Ocwen's Motion to Dismiss was filed pursuant to Rule 12(b), thus triggering Rule 15(a)(1)(B)'s 21 day amendment requirement. As Ocwen filed its Motion on December 1, 2017, Plaintiff had until December 22, 2017, to amend her Complaint as a matter of course. She did not file her Amended Complaint until January 16, 2018. ECF No. 16. As she did not–and still does not—seek the Court's leave to amend her initial Complaint, the Court grants Ocwen's Motion to Strike her Amended Complaint, ECF No. 19.[9]

### B. Ocwen's Motion to Dismiss

Having granted Ocwen's Motion to Strike, the Court next addresses Ocwen's Motion to Dismiss Plaintiff's initial Complaint. Ocwen argues that each of the claims in the Complaint is time-barred. ECF No. 12-2 at 5. In her Complaint, Plaintiff alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1639c(b)(2)(E) & (F) (Count I), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2) & 10 (Count II), and Breach of Contract (Count III).

---

[9] The Court notes that it granted Plaintiff's Motion to Extend Time to File Responses to Defendants' Motions, ECF No. 13, which sought a ten day extension to respond to the Motion to Dismiss. Even if the Amended Complaint was to be considered a response to Defendants' Motion, this would have given her 31 days to amend her Complaint following the filing of Ocwen's Motion to Dismiss: or, until January 1, 2018 (an increase of 10 days upon Rule 15's 21 day amendment requirement). She filed her Amended Complaint on January 16, 2018. ECF No. 16. Thus, Plaintiff's Amended Complaint was still not timely filed.

Claims alleging a violation of TILA or the FDCPA must be brought within one year of the date of any alleged violation. *See* 15 U.S.C. § 1640(e) (TILA statute of limitations); 15 U.S.C. § 1692k (FDCPA statute of limitations). In Maryland, a breach of contract claim must be brought within three years from the date the cause of action accrues. MD Code, Courts and Judicial Proceedings, § 5-101.

Here, Plaintiff's three Counts are all based on the content of the Loan Modification. In Count I, she alleges that the Loan Modification contained an unlawful balloon payment and negative amortization schedule, which were not fully disclosed, ECF No. 1 ¶¶ 121–36; in Count II, she alleges that the Loan Modification failed to disclose certain facts about the payment schedule, *id.* ¶¶ 137–47; and, in Count III she alleges that Ocwen breached the Loan Modification by failing to provide Plaintiff with a corrected Loan Modification when she noticed an error in the principal balance listed in the Loan Modification, *id.* ¶¶ 148–63. In her Complaint, Plaintiff explains that she was concerned about the balloon payment and payment schedule before signing the Loan Modification, and that she followed up on these issues and the principal balance discrepancy on April 11, 2012. *Id.* ¶¶ 21–27. Thus, Plaintiff was aware of the alleged violations contained in her Complaint on April 11, 2012, yet she waited until November 1, 2017, to file her Complaint. This delay of more than five years fails to satisfy the statutes of limitation for her breach of contract claim (three years), or her TILA or FDCPA claims (one year). Plaintiff has not made an argument that the statutes of limitations should be tolled, and the Court therefore dismisses her Complaint.

**IV.     CONCLUSION**

For the foregoing reasons, Ocwen's Motion to Strike Plaintiff's Amended Complaint, ECF No. 19, is granted. Furthermore, Ocwen's Motion to Dismiss Plaintiff's initial Complaint, ECF No. 12, is granted.[10] A separate Order shall issue.

Date: July   30 , 2018                                              /s/
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge

---

[10] For the reasons discussed above, ECF Nos. 11, 20, 21, and 37 are denied.